Filing # 173642883 E-Filed 05/22/2023 09:34:16 AM

Case 3:23-cv-00737-MMH-PDB    Document 3    Filed 06/26/23    Page 1 of 8 PageID 76

IN THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY, FLORIDA

CASE NO: _____
DIVISION: _____
JURY DEMANDED

JERNAY WASHINGTON,

      Plaintiff,

v.

EAST COAST WAFFLES, INC.
d/b/a WAFFLE HOUSE,

      Defendant.

_____/

## COMPLAINT

Plaintiff, JERNAY WASHINGTON, files this complaint against Defendant, EAST COAST WAFFLES, INC. d/b/a WAFFLE HOUSE, and alleges the following:

## JURISDICTION

1.      This is an action for damages in excess of $50,000.00 exclusive of costs, interest and attorneys' fees. The Court therefore has subject matter jurisdiction over this matter pursuant to §§ 26.012(2) and 34.01(c), Florida Statutes.

2.      This Court has personal jurisdiction over the parties to this action because Plaintiff subjects herself to this Court's jurisdiction and because the Defendant conducts business in Florida.

## VENUE

3.      Venue of this action is properly in this Court pursuant to §§ 47.011 and 47.051, Florida Statutes, because the cause of action accrued in Duval County, Florida.

## PARTIES

4.     Plaintiff, JERNAY WASHINGTON, is a resident domiciliary of Beaufort County, South Carolina. At all times material hereto, Plaintiff was employed by Defendant as a cook.

5.     Defendant, EAST COAST WAFFLES, INC. d/b/a WAFFLE HOUSE, is a Foreign profit corporation with a principal address of 5986 Financial Drive, Norcross, GA 30071.  It is registered to do business in the State of Florida, and its registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

## CONDITIONS PRECEDENT

6.     Plaintiff has satisfied all conditions precedent to bringing this action in that she filed a charge of discrimination with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission on June 7, 2022, and received a notice of right to sue letter concerning her charge on February 28, 2023, which is attached hereto as Exhibit A. This action is timely brought thereafter.

## FACTUAL ALLEGATIONS

7.     Plaintiff began her employment with the Defendant on or around May 15, 2017, as a cook.

8.     Plaintiff maintained that employment until her employment with Defendant was terminated on April 2, 2022.

9.     Prior to Plaintiff's employment being terminated, she was the victim of assault and battery by her co-worker, Mr. Antonio Fulwood, Jr.

10.     Mr. Fulwood instigated this violent confrontation with Plaintiff, during which he shoved Plaintiff several times and invaded her personal space several times - - to the point where his nose was touching her nose as he berated her verbally.

11.    Plaintiff was naturally scared during this encounter, mostly due to the fact that Mr. Fulwood possesses an extreme size and strength advantage over her.

12.    Plaintiff did, however, attempt to de-escalate the situation by continuing to perform her job duties.

13.    Mr. Fulwood, however, continued to escalate this matter to the point where he threatened to kill Plaintiff.

14.    Immediately after threatening to kill her, he walked towards her, and in fear for her life (based on his promise to kill her), Plaintiff stabbed Mr. Fulwood in self-defense.

15.    Upon information and belief, both Mr. Fulwood and Plaintiff called 911 to report this incident, and emergency and law enforcement personnel were dispatched to the scene.

16.    After reviewing Defendant's surveillance footage that captured Mr. Fulwood's above-referenced battery of Plaintiff, law enforcement determined that Plaintiff stabbed Mr. Fulwood in self-defense, and pursuant to Florida law, no criminal charges were brought against her.

17.    Mr. Fulwood was criminally charged with battering Plaintiff.

18.    Even though Plaintiff was acting in self-defense and in imminent fear for her life when she stabbed Mr. Fulwood, Defendant terminated her employment for defending herself against Mr. Fulwood's criminal acts of violence against her.

19.    Mr. Fulwood, however, remained employed by Defendant.

20.    Additionally, in 2021, Plaintiff was the victim of sexual harassment and retaliation by one of Defendant's managers and a female co-worker who was the manager's girlfriend.

21.    Plaintiff objected to these sexual advances, and in retaliation for doing so, was removed from the schedule by the manager.

22.     Plaintiff reported this unlawful behavior to Defendant's Human Resources department, who investigated and confirmed Plaintiff's allegations.

23.     As a result, Defendant terminated the employment of the manager as well as his co-worker girlfriend.

24.     Immediately thereafter, the terminated employee presented at Defendant's location at which Plaintiff was employed and threatened to physically harm Plaintiff.

25.     CP feared for her life at that time and brandished her knife in self-defense.

26.     Defendant was notified of this situation, but Plaintiff was not terminated for brandishing a weapon at that time.

27.     The only thing that changed between the first and second instances of Plaintiff brandishing a weapon at work is the fact that she reported unlawful sexual harassment prior to the second instance.

28.     Defendant's decision to terminate Plaintiff's employment was based, at least in part, on her prior report of unlawful sexual harassment.

29.     Plaintiff has retained the undersigned to represent him in this action and is obligated to pay him a fee for his services. Defendant should be made to pay that fee pursuant to the applicable statutes at issue herein.

## COUNT I
## GENDER DISCRIMINATION

30.     Plaintiff incorporates by reference paragraphs 1 through 29.

31.     This is an action by Plaintiff against Defendant for gender discrimination.

32.     Defendant has taken action and allowed action to be taken against Plaintiff because she is female.  During Plaintiff's employment with Defendant, she was the victim of disparate treatment, and Defendant failed to take action to prevent or otherwise correct a known workplace

problem. After Plaintiff made Defendant aware of the above-described discrimination, Defendant delayed in taking action and caused harm to her including, but not necessarily limited to, terminating her employment.

33.     Defendant knew or should have known of the sex/gender-based discrimination Plaintiff was being subjected to and failed to take prompt and adequate remedial action, or took no action at all, to prevent the abuses to her.

34.     Defendant knowingly condoned and ratified the discrimination set forth above.

35.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant, and she suffered adverse employment actions including, but not limited to, her employment termination.

36.     Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon gender/sex in violation of Chapter 760, Florida Statutes. Defendant should be made to answer for punitive damages.

37.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past and are permanent and continuing.

## COUNT II
## VIOLATION OF CHAPTER 448, FLORIDA STATUTES

38.     Plaintiff incorporates by reference paragraphs 1 through 29.

39.     At all times material there was in full force and effect §448.101, et. seq., Florida Statutes.

40.     As set forth more fully above, during the course of Plaintiff's employment with Defendant, Plaintiff objected to and refused to participate in certain practices of Defendant's that violated a law, rule or regulation.

41.     Specifically, Plaintiff was the victim of sexual harassment and retaliation by one of Defendant's managers and a female co-worker who was the manager's girlfriend.  Plaintiff objected to these sexual advances, and in retaliation for doing so, was removed from the schedule by the manager.  Plaintiff reported this unlawful behavior to Defendant's Human Resources department, who investigated and confirmed Plaintiff's allegations.  As a result, Defendant terminated the employment of the manager as well as his co-worker girlfriend.  Immediately thereafter, the terminated employee presented at Defendant's location at which Plaintiff was employed and threatened to physically harm Plaintiff.

42.     Because of Plaintiff's objection to and refusal to participate in Defendant's practices that violated a law, rule, or regulation, namely, unwelcomed sexual harassment, Defendant took a retaliatory personnel action against Plaintiff by terminating her employment.

43.     As a direct and proximate cause of Plaintiff's whistle blowing activities identified herein, and the resulting retaliatory personnel action taken against Plaintiff by Defendant in the form of termination from employment, Plaintiff has suffered damages, which include but are not limited to lost wages and other tangible and intangible damages, and every other damage allowed by law, including emotional pain and suffering.

## COUNT III
## RETALIATION

44.     Plaintiff incorporates by reference paragraphs 1 through 29.

45.     This is an action by Plaintiff against Defendant for unlawful employment retaliation pursuant to Chapter 760, Florida Statutes, after she opposed and reported unlawful employment practices affecting her as more fully described herein.

46.     The foregoing unlawful actions by Defendant was purposeful.

47.     Plaintiff voiced opposition and reported unlawful employment practices during her employment with Defendant, and she was the victim of retaliation thereafter as stated above.  The events set forth herein led, at least in part, to Plaintiff's employment termination.

48.     Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter.  There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

49.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past and are permanent and continuing. Additionally, Defendant's actions were intentional requiring Defendant to answer for punitive damages.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays:

a)     That this Court cause proper process to issue, requiring the Defendant to answer this Complaint;

b)     That this Court empanel a jury to try all issues so triable;

c)     That this Court grant equitable against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

d)     Enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

e)     Enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

f)     Enter judgment against Defendant and for Plaintiff awarding Plaintiff her reasonable attorneys' fees and costs; and

g)     Such other, further relief to which Plaintiff may be entitled.

Dated this 22nd day of May, 2023.

Respectfully submitted,

By: */s/Ryan B. Hobbs*
Ryan B. Hobbs, Esq.
Florida Bar No.: 0044179
**PERRY & YOUNG, P.A.**
219 East Virginia Street
Tallahassee, Florida 32301
850-215-7777 / 850-215-4777 (facsimile)
rhobbs@perry-young.com
jbrown@perry-young.com

*Attorneys for Plaintiff*